657 So.2d 6 (1995)
David HENSHALL, Patricia Furney, and Gail Currin, Appellants,
v.
L.E. LOWE, Jr., Appellee.
No. 94-00563.
District Court of Appeal of Florida, Second District.
April 28, 1995.
Rehearing Denied June 12, 1995.
*7 Charles A. Carlson and Scott Stigall of Barnett, Bolt, Kirkwood & Long, Tampa, for appellants.
Thomas C. Jennings, III of Repka & Jennings, P.A., H.H. Baskin, Jr. of H.H. Baskin, P.A., Clearwater, for appellee.
PARKER, Acting Chief Judge.
Appellants, David Henshall, Patricia Furney, and Gail Currin, appeal the trial court's Order of Dismissal and Supplemental Final Order which dismissed their amended complaint with prejudice and awarded attorneys' fees to L.E. Lowe, Jr., pursuant to section 57.105, Florida Statutes (1993). We reverse, concluding that the trial court should have allowed Appellants to amend their complaint and further concluding that the award of attorneys' fees and costs was improper.
The amended complaint sets out the following facts. Blanche C. Lowe (mother), grandmother of Appellants and mother of L.E. Lowe, Jr. (son), prepared a will in 1973, leaving her assets to her daughter, Virginia Henshall (daughter) who was the mother of the Appellants, and L.E. Lowe, Jr., in equal shares. If either the daughter or son predeceased the mother, that share would go to his or her issue. From August 1986 until May 1989, the daughter served as attorney-in-fact for the mother, managing the mother's assets and conducting her business. When the daughter became ill, the son assumed that role until the mother died in December 1989.
The amended complaint further alleged that the mother intended that her assets pass outside of probate but according to the terms of her will regardless of how the assets were held at the time of her death. The amended complaint asserted that the son had transferred all or the great majority of assets either to himself, to himself and the mother jointly, or to third parties and that he refused to probate the will, claiming he now owned all of the mother's assets.
Appellants' amended complaint contained three counts. The first count was for breach of fiduciary duty, claiming that the son transferred the mother's assets for his own benefit. The second count was a claim based on undue influence, maintaining that the son, through his confidential relationship with the mother, actively and wrongfully procured the transfers of the mother's assets to himself or to third parties. The third count was an action based on contrary intent. They alleged that the mother never intended for her son to become vested in her deposit accounts upon her death, but instead she intended that her assets would pass to her testate heirs. Appellants requested in all three counts that the trial court order the son to provide an accounting, impose a constructive trust on the assets, and require the son to open an estate to probate the will.
The trial court entered an Order of Dismissal which dismissed the amended complaint with prejudice because the complaint lacked an indispensable party, an independent administrator ad litem. The court denied the son's request for attorneys' fees and costs. Then, upon the son's filing of motions, the court entered a Supplemental Final Order which not only dismissed the amended complaint but declared the pleadings void ab initio. The court also concluded that the son was entitled to fees and costs because the Appellants' claims lacked a justiciable issue in law or in fact.
We conclude that the trial court erred in dismissing the amended complaint with prejudice. The Appellants were inartful in drafting their amended complaint. They requested in all of the counts for the court to require the son to open an estate to probate the will. Yet they also maintained that the mother desired that her assets pass outside of probate. The facts alleged, however, *8 could support a claim for wrongful interference with a testamentary expectancy. See Carlton v. Carlton, 575 So.2d 239 (Fla. 2d DCA 1991). The trial court, therefore, should not have dismissed the amended complaint with prejudice but should have dismissed the amended complaint with leave to amend their complaint to state a cause of action for wrongful interference with a testamentary expectancy. The court further erred in concluding that the son was entitled to fees based upon section 57.105, Florida Statutes (1993). We conclude that this action presented a justiciable issue of law and fact. Accordingly, we reverse the Order of Dismissal and Supplemental Final Order and remand with directions that the trial court allow Appellants to amend their complaint to state a cause of action for wrongful interference with a testamentary expectancy.
Reversed and remanded.
PATTERSON and LAZZARA, JJ., concur.